Curia, per O’Neall, J.
We concur in the opinion of the Judge below, and adopt the reasoning by which he sustained it. It is, however, necessary to add, that in doing so, we do not question the authority of Summers vs. Caldwell, (2 N. & McC., 341,) nor of Means vs. Vance, (1 Bail. 40.) Generally, money is the subject of levy. But it cannot be said, that it is also subject to the lien of an execution. It has no earmark, by which it can be traced, and as the circulating medium of the country, it would not do to arrest its transfer from hand to hand by liens of which the receiver would be generally ignorant, and of which he would have no means of information. The most which can be said with certainty, as to the liability of money to levy is, that when it is within the power of the sheriff, as the property of the defendant in execution, it may be seized. But when the debtor delivers it to the sheriff, for one of his creditors, it comes into his hands and power, not as the property of the debtor, but as the property of the creditor. It is paid to him as the the agent of the creditor, and extinguishes so much of the execution on *203 which it is paid. There is then ^nothing to be levied by a senior execution. In Means vs. Vance, (1 Bail. 40,) which was a rule against the sheriff, (as this is,) to show cause why he did not apply the money collected for the defendant, on an execution, to the plaintiff’s execution, Judge Nott said, “If, therefore, it had appeared that any other person had a legal, or even an equitable claim to the money, the Court ought not to have interfered in this way.” This dictum would be enough for this case. For here, Weed, Benedict & Co. claim the money. It was paid to the sheriff for them: and hence, therefore, on rule, the Court would not deprive them of any right, legal or equitable, which they may have to it. Being paid to the sheriff, for them, he must pay it to them, and then if the plaintiff chooses, he may try their right to it by an action against them.
See Lynch vs. Hanahan, 9 Rich. 191; Maddox vs. Williamson, 1 Strob. 24, and cases there cited; 4 Rich. 130; 2 Rich. 528; Cheves, 113; 2 McM. 328. An.
The motion is dismissed.
The whole court concurred.